IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 11, 2004

## STATE OF TENNESSEE v. SHERRY LYNN JOHNSON

**Appeal from the Circuit Court for Robertson County**
**No. 01-0425      John H. Gasaway, III, Judge**

---

**No. M2002-01495-CCA-R3-CD - Filed September 8, 2004**

---

Following a bench trial, the Defendant, Sherry Lynn Johnson, was convicted of assault, a Class A misdemeanor.  The trial court placed the Defendant on judicial diversion.  In this appeal, the Defendant asserts that the trial court misinterpreted the assault statute and that the evidence is insufficient to support her conviction.  Because the Defendant was placed on judicial diversion, no judgment of conviction has been entered, and the Defendant has no appeal as of right under Tennessee Rule of Appellate Procedure 3.  Accordingly, the appeal is dismissed.

### Tenn. R. App. P. 3; Appeal Dismissed

DAVID H. WELLES, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROBERT W. WEDEMEYER, JJ., joined.

Lee Borthick, Springfield, Tennessee, for the appellant, Sherry Lynn Johnson.

Paul G. Summers, Attorney General and Reporter; Elizabeth T. Ryan, Assistant Attorney General; John Carney, District Attorney General; and Dent Morriss, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

We will briefly discuss the underlying facts.  The Defendant's brother had been arrested by local law enforcement authorities.  During his arrest, he was injured and was transported to the hospital.  Upon hearing of her brother's arrest and injuries, the Defendant went to the hospital to inquire about his well being.  While there she encountered a law enforcement officer who had been involved in the arrest of her brother.  An altercation ensued, during which the officer stated the Defendant struck him in the chest.  The officer sprayed the Defendant with mace, handcuffed her and placed her under arrest.  She was charged with assault and resisting arrest.

Following a bench trial, the Defendant was convicted of assault.  See Tenn. Code Ann. § 39-13-101(a)(2).  The trial judge dismissed the charge of resisting arrest.  Subsequently, by "agreement of the parties," the Defendant was placed on "Post Trial Diversion," which is often referred to as judicial diversion.  See Tenn. Code Ann. § 40-35-313(a)(1)(A).  Pursuant to this statute, no judgment of conviction was entered and the proceedings were deferred for six months.  The Defendant filed a notice of appeal, and on appeal she asserts that the trial court misinterpreted the assault statute and that the evidence is insufficient to support her conviction.

Rule 3 of the Tennessee Rules of Appellate Procedure identifies those cases which may be appealed as a matter of right.  Generally, such an appeal lies "from any judgment of conviction entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals. . . ."  Tenn. R. App. P. 3(b).  In addition, an appeal of right is available when the trial court has denied or revoked probation, and in certain other circumstances not applicable here.  See id.

Because no judgment of conviction is entered when judicial diversion is granted, this Court has held that a defendant has no appeal as of right under Tennessee Rule of Appellate Procedure 3(b).  See State v. Norris, 47 S.W.3d 457, 462-63 (Tenn. Crim. App. 2000); State v. Adrian Lumpkin, No. W2002-00648-CCA-R3-CD, 2002 WL 31730894, at * 1-2 (Tenn. Crim. App. Jackson, Nov. 27, 2002). See also State v. Teresa Dockery, No. E2001-01493-CCA-R3-CD, 2002 WL 1042187, at * 3 (Tenn. Crim. App., Knoxville, May 23, 2002).

We note that an appeal filed improperly under Rule 3 may be treated as an application for extraordinary appeal pursuant to Rule 10 of the Tennessee Rules of Appellate Procedure.  See State v. Norris, 47 S.W.3d at 463.  Here, however, the trial court certainly had jurisdiction to determine the Defendant's guilt and had the authority to place her on judicial diversion.  Under the circumstances presented in this case, it is our opinion that the Defendant does not meet the requirements for the granting of a Rule 10 extraordinary appeal.

Accordingly, because we have concluded that this matter is not properly before us, the appeal is dismissed.

_____
DAVID H. WELLES, JUDGE